**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Alejandro Baez Carmona, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   16 C 9096 |
| | ) | |
| Cavalry SPV I, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Alejandro Baez Carmona, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Alejandro Baez Carmona ("Carmona"), is a resident of the State of Washington, from whom Defendant attempted to collect a delinquent consumer debt that he owed for an HSBC Bank Nevada/Best Buy account, despite the fact that he had exercised his right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago,

Illinois.

4.      Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Cavalry operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6.      Defendant Cavalry is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Cavalry conducts extensive and substantial business in Illinois.

7.      Defendant Cavalry is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.  In fact, Defendant Cavalry acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8.      Mr. Carmona fell behind on paying his bills, including a debt he owed for an HSBC Bank Nevada/Best Buy account.  At some point in time after that debt became delinquent, Defendant Cavalry bought/obtained that debt and began trying to collect it

from Mr. Carmona.  This caused Mr. Carmona to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendant's collection actions.

9.      Accordingly, via letter, dated February 22, 2013, one of Mr. Carmona's attorneys at LACD informed Defendant, through its agent/attorney, David B. Schumacher, that Mr. Carmona was represented by counsel, and directed Cavalry to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. Carmona was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit C.

10.      Thereafter, from March 2013 through May 2016, from their offices in Chicago, Illinois, Mr. Carmona's attorneys at LACD sent Defendant monthly payments, which payments were accepted by Defendant.

11.      Nonetheless, Defendant communicated directly with Mr. Carmona, via a letter dated July 13, 2016, regarding payment of the HSBC Bank Nevada debt.  A copy of this collection letter is attached as Exhibit D.

12.      Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to demand the collection communications made directly to him cease and, instead, be directed towards his attorneys, Defendant's continued collection communications made Plaintiff believe that his demand had been futile and that he did not have the rights Congress had granted him under the FDCPA.

13.      Moreover, violations of the FDCPA which would lead a consumer to alter

3

his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether he was still represented by counsel as to this debt, which caused stress and confusion as to whether he was required to pay the debt at issue.

14.     Defendant's collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

15.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Mr. Carmona's attorney/agent, LACD, told Defendant to cease communications with Mr. Carmona (Exhibit C). By continuing to communicate via a letter regarding the debt and demanding payment from Mr. Carmona (Exhibit D), Defendant Cavalry violated § 1692c(c) of the FDCPA.

19.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendant Cavalry knew that Mr. Carmona was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendant Cavalry, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant to cease directly communicating with him.  By directly sending Mr. Carmona a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant Cavalry violated § 1692c(a)(2) of the FDCPA.

23.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Alejandro Baez Carmona, prays that this Court:

1.     Find that Defendant Cavalry's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Mr. Carmona and against Defendant Cavalry, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alejandro Baez Carmona, demands trial by jury.

Alejandro Baez Carmona,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: September 20, 2016

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com